# SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, et al.,
ex rel. MAX BENNETT,

    Plaintiffs,　　　　　　　　　　No. CIV S-10-1273 KJM-EFB *SEALED*

  vs.

BIOTRONIK, INC., et al.,

    Defendants.　　　　　　　　　　<u>ORDER</u>

/

        This matter comes before the court upon qui tam plaintiff's motion for leave to file a second amended complaint. (ECF 30.) Plaintiff's motion is hereby GRANTED. The Clerk is DIRECTED to file and docket Exhibit A to Docket Number 30 UNDER SEAL as the second amended complaint. All filings in the above-captioned case shall remain UNDER SEAL until further order of this court.

I.　　FACTS AND PROCEDURAL HISTORY

        The complaint in the above-captioned case was filed on March 31, 2010 (ECF 1) and the amended complaint was filed on July 1, 2010. (ECF 11.) Plaintiff alleges violation of the federal False Claims Act as well as the false claims acts of twenty-five states and Washington, D.C. Plaintiff filed this motion for leave to file a second amended complaint in camera on April 13, 2011. (ECF 30.) The proposed second amended complaint will add six

individual defendants and two new counts of violations of the false claims acts of two additional states.

II.     ANALYSIS

    A.     Standard

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

    B.     Application

Justice requires the granting of leave to amend in this case. This case remains under seal as required by the law applicable to qui tam actions, 31 U.S.C. § 3730, and opposing parties have not been alerted to its existence. Amendment of the complaint in this case will not cause the opposing party undue prejudice, is sought in good faith, is not futile, and does not create undue delay.

/////

/////

III.   CONCLUSION

For the foregoing reasons, plaintiff's motion is hereby GRANTED. The Clerk is DIRECTED to file and docket Exhibit A to Docket Number 30 UNDER SEAL as the second amended complaint. All filings in the above-captioned case shall remain UNDER SEAL until further order of this court.

IT IS SO ORDERED.

DATED: May 10, 2011.

_____
UNITED STATES DISTRICT JUDGE