1
2
3
4
5
6
7

<span style="color:red">**SEALED**</span>

8
9
10
11

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA; et al.;
ex rel. MAX BENNETT,

Plaintiffs,                              No. CIV S-10-1273 KJM-EFB *SEALED*

12
13

vs.

BIOTRONIK, INC.; et al.,

14
15

Defendants.                              <u>ORDER</u>

_____/

16      This matter comes before the court upon qui tam plaintiff's motion for leave to

17   file a third amended complaint.  (ECF 38.)  Plaintiff's motion is hereby GRANTED.  The Clerk

18   is DIRECTED to file and docket Attachment 1 to docket number 38 UNDER SEAL as the third

19   amended complaint.  All filings in the above-captioned case shall remain UNDER SEAL until

20   further order of this court.

21   I.   <u>FACTS AND PROCEDURAL HISTORY</u>

22      The complaint in the above-captioned case was filed on March 31, 2010 (ECF 1)

23   and the amended complaint was filed on July 1, 2010.  (ECF 11.)  The second amended

24   complaint was filed on May 10, 2011.  (ECF 34.)  Plaintiff alleges violation of the federal False

25   Claims Act as well as the false claims acts of 25 states and Washington, D.C.  Plaintiff filed this

26   motion for leave to file a third amended complaint in camera on December 13, 2011.  (ECF 38.)

1    The proposed third amended complaint will no longer include plaintiff's employment claims,

2    previously pled as counts XXXII to LIX.

3    II.   ANALYSIS

4        A.      Standard

5           Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give

6    leave [to amend a pleading] when justice so requires" and the Ninth Circuit has "stressed Rule

7    15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

8    1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to

9    amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on

10    the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833

11    F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

12    1981)). However, "the liberality in granting leave to amend is subject to several limitations.

13    Leave need not be granted where the amendment of the complaint would cause the opposing

14    party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

15    delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court

16    should look to whether the plaintiff has previously amended the complaint, as "the district

17    court's discretion is especially broad 'where the court has already given a plaintiff one or more

18    opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

19        B.      Application

20           Justice requires the granting of leave to amend in this case. This case remains

21    under seal and opposing parties have not been alerted to its existence. Amendment of the

22    complaint in this case will not cause the opposing party undue prejudice, is sought in good faith,

23    is not futile, and does not create undue delay.

24    III.   CONCLUSION

25           For the foregoing reasons, plaintiff's motion is hereby GRANTED. The Clerk is

26    DIRECTED to file and docket Attachment 1 to docket number 38 UNDER SEAL as the third

1  amended complaint.  All filings in the above-captioned case shall remain UNDER SEAL until

2  further order of this court.

3           IT IS SO ORDERED.

4  DATED:  December 19, 2011.

5

6                      UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26