UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | No. 2:10-CV-01273 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| BIOTRONIK, INC., et al., | |
| Defendants. | |

On January 24, 2014, the United States made its ninth ex parte request under the False Claims Act, 31 U.S.C. § 3730(b)(3), to extend the time by four months for the United States and plaintiff states to inform the court whether they will intervene in this *qui tam* lawsuit. Neither Relator nor defendant Biotronik, Inc. objects to the proposed four month extension of time.

On January 24, 2013, the court granted the United States' seventh ex parte request for an extension of the seal period, but advised that any further request by plaintiffs for an extension should be accompanied by "a more detailed justification than provided to date, which the court will scrutinize carefully." (ECF 50 (citing *U.S. ex. rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190-91 (N.D. Cal. 1997).) The United States' eighth request for an extension contained scant, but barely adequate, justification for keeping this matter under seal. The court granted the eighth request on August 16, 2013, noting that any future request will be

/////

1

held more strictly to the detailed justification standard the court previously had articulated in its January 24, 2013 order. (ECF 52.)

Congress contemplated a term of 60 days for the United States to determine whether it would intervene in a *qui tam* action. 31 U.S.C. § 3730(b)(2). If good cause is shown, a court may grant extensions of time. *Id.* § 3730(b)(3). "The 'good cause' requirement of the statute is, therefore, a substantive one, which the government can only satisfy by stating a convincing rationale for continuing the seal." *U.S. ex rel. Costa*, 955 F. Supp. at 1190. The government has not stated a convincing rationale here.

The original complaint in this case was filed nearly four years ago on March 31, 2010. The United States' Motion to Partially Lift Seal, so that it could disclose the instant suit's allegations to defendants Biotronik and Western Medical, was granted on January 13, 2011. (ECF 23.) The United States now seeks to keep this matter under seal for an additional four months. Good cause exists, it asserts, because it would like to give defendants "an opportunity to respond to the allegations against them in order to make an informed decision as to whether to intervene in this *qui tam* action." (Ninth Req. to Extend at 4, ECF 54-2.) This is the same justification invoked in the last two ex parte applications for extension of time. (ECFs 48, 51.) While the declaration of United States' counsel accompanying the instant application demonstrates progress is being made in the investigation, nothing in the declaration speaks to whether the individual defendants named in the operative Third Amended Complaint have knowledge of the Complaint's allegations nor why continued seal is critical to the successful prosecution of this case. Because the only two corporate defendants in this action, Biotronik and Western Medical, have known about the allegations in this suit for over three years, and because a parallel criminal case has been pending in Nevada for some time, the notion that continued sealing is required so that unspecified defendants may respond to allegations strains credulity. Moreover, the United States' claim that it cannot decide whether to intervene in this action until defendants, at this late date, have a chance to respond, is not supported by the summary record before the court.

/////

1    This case deals with possible fraud on the government and on consumers of
2 medical devices and services.  Absent a showing of good cause to continue sealing such
3 information of important public concern, the public's "general right to inspect and copy public
4 records and documents, including judicial records and documents," *Nixon v. Warner Comms.*, 435
5 U.S. 589, 597 (1978), weighs in favor of denying the instant application.

6    Before the court makes its tentative decision final, the United States will be
7 provided an opportunity to supplement its showing.  No later than seven days from the date of
8 this order, counsel for the United States may file a supplemental declaration that includes actual
9 dates on which critical events have occurred, to clarify adverbs such as "recently" (Decl. of Adam
10 Schwartz ¶ 7, ECF 54-1) or generalized statements that the government "has taken deposition
11 testimony from two individuals" (*id.* ¶ 8).  A supplemental declaration also may detail what
12 prejudice will result if the request to continue sealing is denied, and explain why the United States
13 needs to give defendants a further opportunity to respond to the allegations against them so that it
14 can decide whether to intervene.

15    IT IS SO ORDERED
16 Dated:  February 27, 2014.

_____
UNITED STATES DISTRICT JUDGE

3